The Honorable Jake Files State Senator
300 Free Ferry Landing Fort Smith, Arkansas 72903
Dear Senator Files:
This is my opinion on your question about the constitutionality of a bill to authorize municipalities to (a) designate redevelopment districts, and (b) issue bonds to "financ[e] certain improvements for [district] redevelopment projects. . . ." The bonds would be secured by increases in district state sales tax and state use tax[1] collections occurring after project approval.
You did not provide draft legislation with your request. All the information I have about your proposal, I obtained from your request. This letter, then, should not be taken as my opinion that each provision of any particular bill to implement the described scheme would be constitutional.
Parts of your description closely follow the language of Amendment 78's scheme for "financing capital improvements for redevelopment projects," which scheme includes bonds secured by incremental tax collections, in that case local property taxes. Ark. Const. amend. 78, § 1. To the extent your question is whether a sales tax increment bond bill that contains each and every Amendment 78 provision reflected in your proposal would be constitutional, my answer is "no." Amendment 78 contains provisions that exempt bonds issued thereunder from other constitutional requirements (including those of Article 16, section 1, discussed below) that would or might otherwise apply. Your request indicates that *Page 2 
your proposed legislation would contain practically identical provisions. But no act of the General Assembly can exempt a matter (like a city's bond issuance) from an otherwise applicable constitutional rule (like Article 16, section 1, discussed immediately below).
Our constitution flatly provides that no "county, city or town or municipality [shall] ever issue any interest bearing evidences of indebtedness. . . ." Ark. Const. art. 16, § 1.
But we have amended the constitution on several occasions to provide exceptions to its general prohibition on municipal[2] debt. Of particular interest here are Amendments 78, 65, and 62.[3]
Amendment 78, discussed briefly above, authorizes the designation of municipal redevelopment districts and the issuance of bonds "for the purpose of financing capital improvements for redevelopment projects within the district." Ark. Const. amend. 78, § 1(b). But Amendment 78 authorizes only bonds secured by property tax
increments. It does not authorize, and in my opinion cannot serve as the constitutional basis of legislation that does authorize, salestax increment bonds.[4]
Amendment 65 permits municipalities to issue revenue bonds, but "revenue bonds" is defined in a way that clearly excludes bonds, like those you propose, that are secured by taxes.[5] *Page 3 
Amendment 62 permits municipalities to issue bonds "for capital improvements of a public nature, as defined by the General Assembly. . . ." Ark. Const. amend. 62, § 1(a). It provides that "[t]he tax to retire the bonds may be an ad valorem tax on real and personal property."Id. It goes on to provide, however, that "[o]ther taxes may be authorized by the General Assembly or the [municipal] legislative body to retire the bonds." Id.
Based on Amendment 62's plain language, it is my opinion that the General Assembly needs no additional constitutional authorization to enact legislation that includes devoting incremental district state sales tax collections to retiring municipal bonds that are issued in compliance with Amendment 62 and the legislation itself. In determining the appropriate course of action, you should bear in mind that Amendment 62, among other things, permits the financing only of "capital improvements of a public nature, as defined by the General Assembly," and requires an election on the question of issuing bonds.[6] See Ark. Const. amend. 62, § 1(a).
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I refer to "sales tax" or the like in the remainder of this opinion to denote both the state gross receipts tax and the state use tax. See generally
A.C.A. §§ 26-52-101 to-914, 26-53-101 to-303 (Repl. 2008, Supp. 2009).
[2] I use the word "municipal" in this opinion to describe both cities (and incorporated towns) and counties.
[3] These amendments are not the only constitutional provisions under which municipalities may incur debt. See, e.g., Ark. Const. amend. 89, § 4 (authorizing municipal debt for energy efficiency projects). They are merely the ones that I regard as more likely to have some relevance to your request.
[4] Amendment 78 also provides for short-term municipal financing.See Ark. Const. amend. 78, § 2. That debt is payable from municipal general revenues and is limited in principal amount based on municipal property values. See id. The provision does not envision and in my opinion cannot serve as a constitutional basis for a sales tax increment program like you describe.
[5] Your proposal states that bonds may be secured by any one or more of three sources of revenue, only one of which is district incremental state sales tax collections. To the extent your legislation authorizes the issuance of only bonds that meet Amendment 65's "revenue bonds" definition (which requires, among other things, that no taxes secure the bonds), no constitutional amendment will be necessary.
[6] In preparing legislation, you should also recall that "no money arising from a tax levied for any purpose shall be used for any other purpose." Ark. Const. art. 16, § 11. It would be appropriate, therefore, to examine, and amend if necessary, the purpose(s) for which state sales taxes are imposed.